Joan EDWARDS, Petitioner,

v.

MUNICIPAL COURT OF OKLAHOMA CITY, State of Oklahoma, and the Honorable Albert V. Alexander, Judge, Respondents.

No. P–88–791.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1988.

ORDER DENYING ISSUANCE OF WRIT OF PROHIBITION AND/OR MANDAMUS

Petitioner, Joan Edwards, filed a petition with this Court to issue a writ of prohibition or in the alternative mandamus on September 26, 1988. Appellant's attorney, Travis Smith, of Legal Aid of Western Oklahoma, Inc., has alleged appellant is incompetent to aid him in her trial in the Municipal Court of Oklahoma City; she is charged with two counts of Assault and Battery, Case Nos. 88–8445993 and 88–8449971.

█ Appellant's attorney apparently has not pursued an action in Oklahoma County District Court to have appellant processed under Okla.Stat. Title 22 § 1175.1 to 1175.8 (1981). Instead, he filed an application with the Municipal Court of Record requesting a determination of appellant's present competency and has also suggested that her competence be evaluated by the Oklahoma County Crisis Intervention Center. He has stated, however, that the appellant has refused to submit to such a test. A municipal court does not have jurisdiction to try competence or to force a person to submit to evaluation and treatment. In the Okla. Const. Art. VII, § 1 is found the limit of jurisdiction of the Oklahoma Municipal Courts, the provision provides in part as follows:

> Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but *shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.* (emphasis added)

At the hearing to determine if the municipal court could continue with appellant's case on the claim appellant is incompetent, the only evidence offered was old medical records at the time appellant was discharged from Central State Griffin Memorial Hospital on January 7, 1987, and the attorney's statements that appellant was

not taking the previously prescribed medication that the hospital prescribed to modify appellant's behavior when she was discharged.

 The trial court judge ruled the evidence presented was insufficient to persuade the court to stop the intended trial. We do not find an abuse of discretion in this finding. Appellant's counsel can obtain an Oklahoma County District Court determination of incompetency which would suspend the Municipal Court proceedings.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for a writ of prohibition or in the alternative mandamus is DENIED and the order staying proceedings issued on September 27, 1988, is lifted.

IT IS SO ORDERED.

(s) Tom Brett
TOM BRETT,
PRESIDING JUDGE
/s/ Hez J. Bussey
HEZ J. BUSSEY, JUDGE
/s/ Ed Parks
ED PARKS, JUDGE